

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS.**
**WR-87,931-01**
**WR-87,931-02**

**EX PARTE JOSE A AVILA-VEGA, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. F50546-A AND F50546-B IN THE 249TH DISTRICT COURT**
**FROM JOHNSON COUNTY**

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged in a single indictment. He pled guilty to felony driving while intoxicated and was placed on community supervision. He also pled guilty to three intoxication assaults and was sentenced to prison. Applicant has filed one application challenging the intoxication assault convictions (the -01) and another application challenging the DWI conviction (the -02).

This Court does not have jurisdiction to consider Applicant's habeas claims regarding the

DWI conviction. Applicant was placed on community supervision for this offense, and the habeas record does not show that the community supervision has been revoked. TEX. CODE CRIM. PROC. ART. 11.072. Applicant's claims regarding the DWI conviction are dismissed.

As for Applicant's claims attacking the three intoxication assault convictions for which he was incarcerated, they are properly before this Court. TEX. CODE CRIM. PROC. ART. 11.07. Applicant complains that trial counsel provided ineffective assistance and that his guilty pleas were involuntary. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). Trial counsel has provided an affidavit in response. The trial court has entered findings and recommends denying habeas relief based on counsel's affidavit and its own review of the record. The trial court's findings and recommendation are supported by the habeas record and applicable law. Applicant also claims that the judgments of conviction are void, which claim he fails to prove. *See Ex parte Madding*, 70 S.W.3d 131 (Tex. Crim. App. 2002). Applicant's claims regarding the three intoxication assault convictions are denied.

Filed: August 22, 2018
Do not publish